# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX INVESTMENT COMPANY LTD, a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S.M.E., INC., a dissolved Nebraska corporation; SHENNEN SALTZMAN, individually; THEODORE SALTZMAN, JR., individually; and DOES 1-20,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 15-cv-02607-H-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 19.] |

On July 7, 2016, Defendants S.M.E., Inc., Shennen Saltzman, and Theodore Saltzman, Jr. filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Rex Investment Company Ltd's first amended complaint.  (Doc. No. 19.)  On August 15, 2016, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (Doc. No. 22.)  On August 17, 2016, the Court took the matter under submission.  (Doc. No. 23.)  On August 22, 2016, Defendants filed a reply in support of their motion.  (Doc. No. 24.)  For the reasons below, the Court grants in part and denies in part Defendants' motion to dismiss.

///

**Background**

The following facts are taken from the allegations in Plaintiff's first amended complaint. On June 5, 1985, Plaintiff entered into a commercial lease agreement with Northeast Nebraska Development, Inc., wherein Plaintiff agreed to lease the commercial building located at 610 Imperial Avenue, Calexico, CA to Northeast Nebraska for the purpose of operating a Burger King franchise restaurant. (Doc. No. 16, FAC ¶ 7, Ex. A.) The lease agreement commenced on December 7, 1985 and provided for an original term of twenty years with two optional five-year extensions. (Id. ¶ 8.)

At some point during the early period of the original lease term, Defendant S.M.E. assumed or otherwise acquired the lessee's rights and obligations under the lease agreement through an assignment from Northeast Nebraska to S.M.E.[1] (Id. ¶ 10.) Plaintiff alleges that following the assignment, both it and S.M.E. performed and operated pursuant to the terms of the contract. (Id. ¶¶ 16, 41-47.)

Upon expiration of the lease agreement's original 20-year term, on December 5, 2005, S.M.E. exercised the first five-year extension, including an increase in the rental payments due under the lease. (Doc. No. 16, FAC ¶ 11.) And upon expiration of that term, on December 5, 2010, S.M.E. exercised the second five-year extension, including an additional increase in the rental payments due under the lease. (Id. ¶ 12.)

Sometime in late 2011 or early 2012, S.M.E. contacted Plaintiff and requested approval of an assignment of the lease agreement from S.M.E. to Shasah Group, Inc.[2] (Doc. No. 16, FAC ¶¶ 19-20, 48, Ex. B.) Plaintiff refused to authorize the assignment. (Id. ¶ 49.) Plaintiff alleges that despite the fact that it did not authorize the assignment, S.M.E. sold its Burger King franchise rights and turned over possession of the Calexico property to Shasah without Plaintiff's permission or knowledge. (Id. ¶ 50.) Plaintiff alleges that

---

[1]  Plaintiff alleges that in December 1994, Northeast Nebraska filed articles of dissolution with the Nebraska Secretary of State. (Doc. No. 16, FAC ¶ 76.)

[2]  In the proposed assignment, S.M.E. refers to itself as the lessee of the June 5, 1985 lease agreement. (Doc. No. 16-2, FAC Ex. B.)

following this unauthorized assignment, S.M.E. continued to make the monthly payments due under the lease agreement. (Id. ¶ 51.)

On December 20, 2012, Defendants filed articles of dissolution for S.M.E. with the Nebraska Secretary of State. (Doc. No. 16, FAC ¶ 77.) Plaintiff alleges that at the time of its dissolution, S.M.E. had outstanding obligations to Plaintiff under the lease agreement. (Id. ¶ 78.) Plaintiff alleges that S.M.E. failed to provide written notice of the dissolution to Plaintiff as required by Nebraska law. (Id. ¶¶ 79-81.) Plaintiff further alleges that at or around the time of the dissolution, the Saltzmans in their capacity as members, officers, managers, and/or shareholders of S.M.E. approved the payments of dividends, distributions, and other dispersals of money knowing that S.M.E. had outstanding debts owed to Plaintiff and that S.M.E. would not be able to pay Plaintiff as those debts became due. (Id. ¶¶ 82-85.)

Plaintiff alleges that around May 2014, it stopped receiving the payments due under the lease agreement, and that the current balance due under the agreement is at least $115,710. (Doc. No. 16, FAC ¶ 53.) Plaintiff also alleges that S.M.E. failed to pay property taxes for the Calexico property and caused a mechanic's lien to recorded on the property. (Id. ¶¶ 55-56.) Plaintiff alleges that around late 2014 or early 2015, the Calexico property was abandoned, vandalized, and fixtures were stolen and/or removed from the premises. (Id. ¶ 26.) Plaintiff alleges that the vandalism caused $194,450.00 or more in damages. (Id. ¶ 75.)

On November 19, 2015, Plaintiff filed a complaint against Defendants S.M.E., Shennen Saltzman, and Theodore Saltzman, Jr., alleging causes of action for: (1) breach of written contract against Defendant S.M.E.; (2) negligence against Defendant S.M.E; (3) negligence against Defendants Shennen Saltzman and Theodore Saltzman, Jr.; and (4) violation of California Corporations Code § 2116 against Defendants Shennen Saltzman and Theodore Saltzman, Jr. (Doc. No. 1, Compl.) On May 13, 2016, the Court granted Defendants' motion to dismiss and dismissed the original complaint for failure to state a claim with leave to amend. (Doc. No. 15.)

On June 13, 2016, Plaintiff filed a first amended complaint against the Defendants, alleging the same four causes of action that were contained in the original complaint and adding a claim against Defendant S.M.E. for breach of implied-in-fact contract. (Doc. No. 16, FAC.) By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's first amended complaint for failure to state a claim. (Doc. No. 19-2.)

## Discussion

### I. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true

all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "'A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

**II.     Analysis of Plaintiff's Claims**

    A.     Plaintiff's Claim for Breach of Written Contract

In the first amended complaint, Plaintiff alleges a cause of action against Defendant S.M.E. for breach of written contract. (Doc. No. 16, FAC ¶¶ 86-97.) Defendants provide two grounds for dismissing this claim. First, Defendants argue that the claim should be dismissed because Plaintiff has failed to adequately allege that S.M.E. was a party to the June 5, 1985 lease agreement. (Doc. No. 19-2 at 4-13.) Second, Defendants argue that Plaintiff's breach of written contract claim is time-barred under the one-year statute of limitations provision contained in the agreement. (Id. at 13-15.)

Under California law, the elements of a claim for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff. Oasis W. Realty, LLC v.

Goldman, 51 Cal. 4th 811, 821 (2011). "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." Lopez v. Charles Schwab & Co., 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civ. Code § 1550).  Further, "[a]n essential element of any contract is the consent of the parties, or mutual assent." Donovan v. RRL Corp., 26 Cal. 4th 261, 270 (2001).

### i. Parties to the Contract

Defendants argue that Plaintiff has failed to adequately allege that S.M.E. was a party to the lease agreement because Plaintiff does not allege that it ever gave written approval of the alleged assignment from Northeast Nebraska to S.M.E., meaning that under the terms of the lease agreement the assignment was void and S.M.E. has no interest in and is not a party to the lease agreement. (Doc. No. 19-2 at 4-5.) In response, Plaintiff argues that it has adequately alleged that the assignment between Northeast Nebraska and S.M.E. was valid under California law because Plaintiff accepted the assignment and never terminated the agreement. (Doc. No. 22 at 10-13.)

Plaintiff alleges a claim for breach of a written contract against Defendant S.M.E. based on the June 5, 1985 lease agreement. (Doc. No. 16, FAC ¶¶ 7-17, 87.)  A review of the lease agreement attached to the FAC shows that the agreement was between Plaintiff and "Northeast Nebraska Development Incorporated", not S.M.E.  (Id. Ex. A at 1.) Plaintiff alleges that S.M.E. assumed or otherwise acquired Northeast Nebraska's rights and obligations under the lease agreement because the lease agreement was assigned to S.M.E. by Northeast Nebraska. (Doc. No. 16, FAC ¶¶ 10, 89.)

Section 20(a) of the lease agreement provides:

> Lessee shall not encumber, assign, or otherwise transfer this Lease, any right or interest in this Lease, or any right or interest in said Leased Premises or any improvements that may now or hereafter be constructed or installed on said premises without the express written consent of Lessor first had and obtained, which consent shall not be unreasonably withheld. . . . Any encumbrance, assignment, transfer, or subletting without the prior written consent of Lessor,

> whether it be voluntary or involuntary, by operation of law or otherwise, is void and shall, at the option of Lessor, terminate this Lease.

(Id. Ex. 1 at 14-15.) Plaintiff does not allege that it ever provided prior written consent for the alleged assignment from Northeast Nebraska to S.M.E. Nevertheless, under California law, a restriction as to the condition of assignment in a lease "is a personal covenant for the benefit of the lessor and until he elects to take advantage of the breach as authorized by law, the assignment remains a valid and binding conveyance of the leasehold interest as to all other parties." People v. Klopstock, 24 Cal. 2d 897, 901 (1944); accord Judicial Council of California v. Jacobs Facilities, Inc., 239 Cal. App. 4th 882, 911 (2015) ("[T]he unconsented assignment of a lease can be voided by the lessor's declaration of forfeiture, but it is valid unless and until such a declaration has been made."); Taylor v. Odell, 50 Cal. App. 2d 115, 121 (1942) ("In the event of an assignment of rights under a lease contrary to a covenant forbidding such assignment or sub–letting, such assignment is valid but the lessor alone has the option to forfeit the lease for the breach of covenant."). "If the lessor ignores the breach the lease is valid and subsisting as to all other parties." Taylor, 50 Cal. App. 2d at 121; see also Klopstock, 24 Cal. 2d at 901 ("[T]here [is] no ipso facto termination of the lease by reason of the lessee's failure to obtain the lessor's written consent to assignment.").

Here, Plaintiff alleges that at some point during the early period of the original lease term, S.M.E. assumed or otherwise acquired the lessee' rights and obligations under the lease agreement.[3] (Doc. No. 16, FAC ¶ 10.) Plaintiff alleges that it and S.M.E. performed and operated pursuant to the lease agreement, and S.M.E. made payments to Plaintiff pursuant to the terms of the agreement and exercised two five-year lease extension options under the terms of the agreement, which included increases in the monthly rental payments due. (Id. ¶¶ 11-12, 15-16, 41-47.) Plaintiff further alleges that it did not terminate the

---

[3] The Court rejects Defendants' contention that the relevant allegations in the FAC are contrary to the allegations that were contained in the original complaint. (See Doc. No. 19-2 at 8-9.)

lease. (Id. ¶¶ 54, 58.) These allegations are sufficient to support Plaintiff's contention that there was a valid assignment of the lease from Northeast Nebraska to S.M.E. See R-Ranch Markets #2, Inc. v. Old Stone Bank, 16 Cal. App. 4th 1323, 1330 (1993) (finding assignment valid where the lessor executed an amendment to the lease, did not object to the assignment, and accepted rent from the new tenants despite the fact that the lease permitted assignments only with the landlord's express written consent).

Further, the Court rejects Defendants' contention that the assignment between S.M.E. and Northeast Nebraska was invalid under California's statute of frauds because Plaintiff has failed to allege that the assignment was made in writing and signed by S.M.E. (See Doc. No. 19-2 at 6-7.) California Civil Code § 1624(a) provides: "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . (3) An agreement for the leasing for a longer period than one year." But an assignment of a lease is not barred by the statute of frauds if the assignment arises by operation of law. See Maron v. Howard, 258 Cal. App. 2d 473, 485 (1968). "An assignment by operation of law may arise from the landlord's acceptance of a new tenant with the consent of the original tenant, though there is no express assignment by the latter." Id. at 484. As explained above, Plaintiff has adequately alleged that following Northeast Nebraska's assignment of the lease to S.M.E., Plaintiff by its conduct accepted S.M.E. as the new tenant under the lease agreement. In addition, the Court notes that Plaintiff has attached to the FAC, a signed document wherein S.M.E. represents that it is the lessee of the June 5, 1985 lease agreement.[4] (Doc. No. 16-2, FAC Ex. B. ("By a certain lease dated June 5, 1985 (the 'Lease'), Rex Investment

---

[4] Defendants argue that the assignment attached to the lease was never executed by Plaintiff and, thus, is void under the terms of the lease agreement. (Doc. No. 19-2 at 6.) But Defendants' argument misunderstands the purpose of Plaintiff attaching this document to the FAC. Plaintiff did not attach this document to the FAC to show that there was a valid assignment of the lease between S.M.E. and Shasah. To the contrary, Plaintiff alleges that it rejected the assignment of the lease to Shasah. (Doc. No. 16, FAC ¶ 49.) Rather, Plaintiff attaches the document to the FAC to show that S.M.E. in a written signed document identified itself as the lessee of the June 5, 1985 lease agreement. (Id. ¶ 20.)

Company, LTD ('Landlord') leased to Assignor [SME, Inc.] as tenant the premises described as follows: 610 Imperial Avenue, in Calexico, CA (the 'Premises').").) Cf. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (When ruling on a motion to dismiss, a court may consider "documents attached to the complaint."). In sum, Plaintiff has adequately alleged that Defendant S.M.E., as an assignee of the agreement, was a party to the lease agreement.[5]

     ii. Statute of Limitations

Defendants also argue that Plaintiff's claim for breach of contract is time-barred under the one-year statute of limitations contained in Section 25(e) of the lease. (Doc. No. 19-2 at 13.) Section 25(e) of the lease provides:

> Any legal proceedings initiated by reason of an alleged breach of this Lease by any of the parties hereto must be commenced within One (1) year from the date that such breach occurred.

(Doc. No. 16-1, FAC Ex. A at 18, § 25(e).) "California courts have afforded contracting parties considerable freedom to modify the length of a statute of limitations. Courts generally enforce parties' agreements for a shorter limitations period than otherwise provided by statute, provided it is reasonable." Moreno v. Sanchez, 106 Cal. App. 4th 1415, 1430 (2003) (footnote omitted).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.' '[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"

---

[5]  Defendants also note that the June 5, 1985 lease agreement contained an integration clause, and, therefore, the parol evidence rule applies. (Doc. No. 19-2 at 9-10.) But even where there is an integrated writing, the parol evidence rule does not apply to future agreements or to subsequent modifications to the integrated writing. See Beggerly v. Gbur, 112 Cal. App. 3d 180, 188 (1980). Here, Plaintiff alleges that the assignment from Northeast Nebraska to S.M.E. occurred sometime after the execution of the June 5, 1985 lease agreement. (Doc. No. 16, FAC ¶ 10.) The parol evidence rule is inapplicable.

Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citations omitted); see also Jones v. Bock, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

First, Defendants argue that Plaintiff's breach of written contract claim is barred by Section 25(e)'s limitations provision because in the original complaint, Plaintiff alleged that S.M.E. became the lessee through an unauthorized assignment by Northeast Nebraska to S.M.E. (Doc. No. 19-2 at 13-14.) But Defendants' argument misunderstands Plaintiff's breach of contract claim. Plaintiff's cause of action for breach of contract is not based on any purported unauthorized assignment from Northeast Nebraska to S.M.E. To the contrary, Plaintiff adequately alleges that the assignment between Northeast Nebraska and S.M.E. was valid. (Doc. No. 16, FAC ¶¶ 10, 89.) Plaintiff's breach of contract claim is based on S.M.E.'s alleged failure to pay rent and property taxes, maintain insurance, and maintain or repair the property, and S.M.E. causing a mechanic's lien to be recorded against the property. (Id. ¶ 96.) Accordingly, the Court rejects Defendants' contention that Plaintiff needed to bring the present action within one year of the assignment from Northeast Nebraska to S.M.E.

Second, Defendants argue that Plaintiff's breach of contract claim is barred by Section 25(e)'s limitations provision because Plaintiff alleges in the FAC that S.M.E. stopped making its rent payments in May 2014. (Doc. No. 19-2 at 14.) Defendants argue, therefore, that Plaintiff was required under the limitations provision to bring the present action by May 2015. (Id.) Under California law, when an agreement requires that the rent owed be paid in monthly installments, a claim for breach of contract "accrue[s] upon each installment of rent when it became due, and the statute of limitations beg[ins] to run on each monthly installment of rent from such dates." Tillson v. Peters, 41 Cal. App. 2d 671, 674–75 (1940); see Tsemetzin v. Coast Fed. Sav. & Loan Assn., 57 Cal. App. 4th 1334, 1344 (1997) ("It is settled in California that periodic monthly rental payments called for by a lease agreement create severable contractual obligations where the duty to make each

rental payment arises independently and the statute begins to run on such severable obligations from the time performance of each is due."); Lekse v. Mun. Court, 138 Cal. App. 3d 188, 193 (1982) ("[W]here rent becomes due in monthly installments, a right of action accrues upon each installment of rent when it becomes due.").

Plaintiff alleges that the rent payments due under the lease were to be paid in monthly installments. (Doc. No. 16, FAC ¶¶ 11-12, 41, 51-52, Ex. A at 5, § 9.) Plaintiff further alleges that it did not terminate the lease. (Id. ¶ 54.) Under the terms of the second five-year option, the lease ended December 5, 2015. (Id. ¶ 12.) Plaintiff filed the present action on November 19, 2015 – less than one year later. (Doc. No. 1.) At best, section 25(e) might act to limit some of the damages sought by Plaintiff, but it does act as a complete bar to Plaintiff's entire breach of contract claim. See Tsemetzin, 57 Cal. App. 4th at 1344 (holding that the plaintiff was entitled to sue for the unpaid rent falling due within the statutory period). Accordingly, the Court declines to dismiss Plaintiff's claim for breach of written contract as barred by the Section 25(e)'s limitations period.[6] In sum, the Court denies Defendants' motion to dismiss Plaintiff's claim for breach of written contract.

### B.   Plaintiff's Claim for Breach of Implied-in-Fact Contract

In the FAC, Plaintiff alleges a cause of action against Defendant S.M.E. for breach of implied-in-fact contract. (FAC ¶¶ 98-106.) In this claim, Plaintiff alleges that in the event S.M.E. is not a party to the written lease agreement, there was an implied-in-fact lease agreement between Plaintiff and S.M.E. (Id. ¶ 100.)

Defendants argue that this claim should be dismissed because Plaintiff's allegations that there was an in implied-in-fact lease between Plaintiff and S.M.E. contradict Plaintiff's allegations that S.M.E. was a party to the written lease agreement. (Doc. No. 19-2 at 15.) But Federal Rule of Civil Procedure 8 allows parties to plead inconsistent factual allegations in the alternative. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more

---

[6] The Court's denial of Defendants' motion to dismiss on this ground is without prejudice to Defendants raising the limitations issue at a later stage in the proceedings, such as through a motion for summary judgment.

statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); Molsbergen v. United States, 757 F.2d 1016, 1018 (9th Cir. 1985) ("[T]he Federal Rules of Civil Procedure . . . explicitly authorize litigants to present alternative and inconsistent pleadings."); Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient."). Accordingly, Plaintiff's pleading of a claim for breach of implied-in-fact contract in the alternative to its claim for breach of written contract is permissible under Rule 8 and is not a basis for dismissal of the claim. See, e.g., Cellars, 189 F.R.D. at 578 ("Plaintiff's pleading . . . does not violate Rule 8. Plaintiff's allegation of both an oral and a written contract is merely an alternative pleading.").

Defendants also argue that this claim should be dismissed because it is barred by California's statute of frauds. (Doc. No. 19-2 at 15-16.) California Civil Code § 1624(a) provides: "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . (3) An agreement for the leasing for a longer period than one year." An implied-in-fact contract is subject to the statute of frauds. See Buckaloo v. Johnson, 14 Cal. 3d 815, 821 (1975); Colbaugh v. Hartline, 29 Cal. App. 4th 1516, 1524 (1994).

Nevertheless, the doctrine of "equitable estoppel may preclude the use of a statute of frauds defense." Chavez v. Indymac Mortgage Servs., 219 Cal. App. 4th 1052, 1058 (2013). "To estop a defendant from asserting the statute of frauds, a plaintiff must show unconscionable injury or unjust enrichment if the promise is not enforced." Jones v. Wachovia Bank, 230 Cal. App. 4th 935, 944 (2014). Generally, in order to apply the doctrine of equitable estoppel: "'(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.'"

Chavez, 219 Cal. App. 4th at 1058. "Whether a party is precluded from using the statute of frauds defense in a given case is generally a question of fact." Id.

Plaintiff alleges that S.M.E. represented to Plaintiff that it was a party to the June 5, 1985 written lease agreement. (Doc. No. 16, FAC ¶¶ 19-20, Ex. B.) Plaintiff further alleges that both it and S.M.E. performed and operated pursuant to the terms of the lease agreement and that S.M.E. received all of the benefits provided for in the agreement. (Id. ¶¶ 16-17.) Plaintiff alleges that it believed that S.M.E. was a party to the lease agreement and relied on S.M.E.'s conduct in performing its own obligations under the lease agreement. (Id. ¶¶ 24-25.) Finally, Plaintiff alleges that S.M.E.'s conduct caused Plaintiff injury. (Id. ¶¶ 52-56, 105-06.) These allegations are sufficient to adequately allege equitable estoppel. Accordingly, the Court declines to dismiss this claim as barred by the statute of frauds. In sum, the Court denies Defendants' motion to dismiss Plaintiff's claim for breach of implied-in-fact contract.

### C.   Plaintiff's Claim for Negligence Against S.M.E.

In the FAC, Plaintiff alleges a cause of action against Defendant S.M.E. for negligence. (Doc. No. 16, FAC ¶¶ 107-18.) Defendants argue that this claim should be dismissed because Plaintiff cannot allege a tort claim based on S.M.E.'s allegedly negligence performance of its contractual duties. (Doc. No. 19-2 at 16-18.)

The elements of a cause of action for negligence are: (1) duty; (2) breach of duty; (3) proximate cause; and (4) damages. Lockheed Martin Corp. v. Superior Court, 29 Cal. 4th 1096, 1106 (2003). "The first element of any negligence claim is the existence of a duty." Toomer v. United States, 615 F.3d 1233, 1236 (9th Cir. 2010) (citing Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 279 (2004)). "Generally there is no obligation to protect others from the harmful conduct of third parties." Id. "The existence of duty is a question of law to be decided by the court." Vasquez, 118 Cal. App. 4th at 278.

In the FAC, Plaintiff alleges that S.M.E. owed a duty to Plaintiff as the lessee under the agreement who had been entrusted with the care and maintenance of the Calexico

Property. (Doc. No. 16, FAC ¶ 109.) But these allegations are insufficient to satisfy the duty element of a claim for negligence.

"A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Aas v. Superior Court, 24 Cal. 4th 627, 643 (2004), superseded by statute on other grounds as stated in Rosen v. State Farm Gen. Ins. Co., 30 Cal. 4th 1070, 1079 (2003). Therefore, a plaintiff may not recover in tort based solely on allegations that a contract was negligently performed. See Erlich v. Menezes, 21 Cal. 4th 543, 552 (1999) ("[I]s the mere negligent breach of a contract sufficient? The answer is no."); Aas, 24 Cal. 4th at 643 ("This court recently rejected the argument that the negligent performance of a construction contract, without more, justifies an award of tort damages."). "[A] breach of contract is tortious only when some independent duty arising from tort law is violated." Erlich, 21 Cal. 4th at 554; accord Aas, 24 Cal. 4th at 643. This rule prevents the law of contract and the law of tort from dissolving one into the other. Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (2004); see also Erlich, 21 Cal. 4th at 554 ("If every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies.").

Here, Plaintiff's claim for negligence against S.M.E. is based on S.M.E.'s alleged negligent performance of its contractual obligations owed to Plaintiff as the lessee under the written lease agreement. (Doc. No. 16, FAC ¶ 109.) But, allegations that S.M.E. negligently performed its obligations under the lease agreement are insufficient to state a claim for negligence. See Erlich, 21 Cal. 4th at 552; Aas, 24 Cal. 4th at 643. Accordingly, absent allegations that that S.M.E. owed some duty to Plaintiff independent of the lease agreement, the allegations in the complaint are insufficient to properly state a claim for negligence against S.M.E. See Erlich, 21 Cal. 4th at 554; Aas, 24 Cal. 4th at 643.

In an effort to establish that S.M.E. owed it a duty of care independent of the lease agreement, Plaintiff alleges that S.M.E. as the tenant in possession of Plaintiff's property owed it a duty of care. (Doc. No. 16, FAC ¶ 110.) But Plaintiff fails to provide any authority supporting its proposition that a tenant owes a landlord a legal duty of care

independent of the lease agreement under these circumstances. Plaintiff only cites to a case holding that in certain circumstances a landlord owes a tenant a duty of care. (Doc. No. 22 at 24 (citing Portillo v. Aiassa, 27 Cal. App. 4th 1128, 1135 (1994)).)

Plaintiff also alleges that S.M.E. owed it a duty of care because the damages that occurred to the Calexico property were highly foreseeable to S.M.E. (Doc. No. 16, FAC ¶¶ 111-12.) But the mere fact that an injury is foreseeable is insufficient, by itself, to impose a duty on the defendant to guard against injury to the plaintiff. See Parsons v. Crown Disposal Co., 15 Cal. 4th 456, 476 (1997); see also Bily v. Arthur Young & Co., 3 Cal. 4th 370, 398 (1992) ("Even when foreseeability was present, we have on several recent occasions declined to allow recovery on a negligence theory . . . ."). Accordingly, Plaintiff has failed to adequately allege that S.M.E. owed it a duty of care.

In sum, Plaintiff has failed to properly state a claim against S.M.E. for negligence. Further, because the allegations in the FAC failed to cure the deficiencies in this claim identified in the Court's prior order, (Doc. No. 15 at 7-9), the Court concludes that further amendment of this claim would be futile. See Telesaurus, 623 F.3d at 1003. Accordingly, the Court dismisses Plaintiff's claim against S.M.E. for negligence with prejudice.

D.   Plaintiff's Claim for Negligence Against the Saltzmans

Plaintiff also alleges a cause of action against Defendants Shennen Saltzman and Theodore Saltzman, Jr. for negligence. (Doc. No. 16, FAC ¶¶ 119-26.) Defendants argue that this claim should be dismissed because the allegations in the FAC fail to point to any legal duty owed by the Saltzmans to Plaintiff. (Doc. No. 19-2 at 18-19.)

"The first element of any negligence claim is the existence of a duty." Toomer, 615 F.3d at 1236. In the FAC, Plaintiff alleges that Defendants Shennen Saltzman and Theodore Saltzman owed Plaintiff a duty of care as the directors and officers of S.M.E. to refrain from acting in a manner that created an unreasonable risk of injury to Plaintiff. (Doc. No. 16, FAC ¶¶ 121.) In granting Defendant's motion to dismiss the original complaint, the Court found similar allegations in the original complaint insufficient to allege the existence of a duty by the Saltzmans. (Doc. No. 15 at 9-11.) The allegations in

the FAC are also insufficient to allege the existence of a duty of care owed to Plaintiff by the Saltzmans.

In an effort to establish that the Saltzmans owed Plaintiff a duty of care, Plaintiff again relies on the California Court of Appeal's decision in PMC, Inc. v. Kadisha, 78 Cal. App. 4th 1368 (2000). (Doc. No. 27-28.) In PMC, the California court explained: "In the context of a negligence claim, the Supreme Court has held that, like any other person, '[corporate officers and] directors individually owe a duty of care, independent of the corporate entity's own duty, to refrain from acting in a manner that creates an unreasonable risk of personal injury to third parties.'" Id. at 1381 (quoting Frances T. v. Vill. Green Owners Assn., 42 Cal. 3d 490, 505 (1986)). But, Plaintiff does not allege that the Saltzmans caused it any "personal" injuries. In the FAC, Plaintiff only alleges that the Saltzmans failed to adequately supervise, monitor, maintain and/or secure the Calexico property resulting in property damages. (Doc. No. 16, FAC ¶¶ 124-26, prayer for relief). Thus, Plaintiff's reliance on PMC is misplaced. See Frances T., 42 Cal. 3d at 505 (explaining that a corporate officer or director is not personally liable for negligence "when, in the ordinary course of his duties to his own corporation, the [officer or director] incidentally harms the pecuniary interests of a third party"); Self-Insurers' Sec. Fund v. ESIS, Inc., 204 Cal. App. 3d 1148, 1162 (1988) (same). Accordingly, Plaintiff's allegations that the Saltzmans were the directors and officers of S.M.E. is insufficient to adequately allege the existence of a duty.

In sum, Plaintiff has failed to properly state a claim against the Saltzmans for negligence. Further, because the allegations in the FAC failed to cure the deficiencies in this claim identified in the Court's prior order, (Doc. No. 15 at 9-11), the Court concludes that further amendment of this claim would be futile. See Telesaurus, 623 F.3d at 1003. Accordingly, the Court dismisses Plaintiff's claim for negligence against Shennen Saltzman and Theodore Saltzman, Jr. with prejudice.

///

///

E.   Plaintiff's Claim for Violation of California Corporations Code § 2116

In the FAC, Plaintiff alleges a cause of action against Defendants Shennen Saltzman and Theodore Saltzman, Jr. for violation of California Corporations Code § 2216. (Doc. No. 16, FAC ¶¶ 127-137.) Defendants argue that this claim should be dismissed because Plaintiff's allegations are insufficient to state a claim for violation of this statute. (Doc. No. 19-2 at 19-20.)

California Corporations Code § 2216 provides:

> The directors of a foreign corporation transacting intrastate business are liable to the corporation, its shareholders, creditors, receiver, liquidator or trustee in bankruptcy for the making of unauthorized dividends, purchase of shares or distribution of assets or false certificates, reports or public notices or other violation of official duty according to any applicable laws of the state or place of incorporation or organization, whether committed or done in this state or elsewhere. Such liability may be enforced in the courts of this state.

In an effort to satisfy section 2216's requirement that the claimant establish a "violation of official duty according to any applicable laws of the state or place of incorporation or organization," Plaintiff contends that the Saltzmans violated several Nebraska statutes. (Doc. No. 16, FAC ¶¶ 129-36.)

First, Plaintiff alleges that the Saltzmans failed to provide it with written notification of S.M.E.'s dissolution as required by R.R.S. Neb. § 21-19,135. (Doc. No. 16, FAC ¶¶ 129-30.) But R.R.S. Neb. § 21-19,135 does not require that a company must always provide notice of its dissolution. Section 21-19,135 provides: "(a) A dissolved corporation may dispose of the known claims against it by following the procedure described in this section", which includes "notify[ing] its known claimants in writing of the dissolution at any time after its effective date." Thus, Section 21-19,135 only provides that a dissolve company "may" dispose of its known claims in this manner, not that it must perform these acts. Accordingly, Plaintiff has failed to adequately allege that the Saltzmans violated R.R.S. Neb. § 21-19,135.

Second, Plaintiff alleges that the Saltzmans voted to approve and made payments of dividends near the time S.M.E. was dissolved knowing that S.M.E. would no longer be able to pay its obligations to Plaintiff as they came due in violation of R.R.S. Neb. § 21-252. (Doc. No. 16, FAC ¶¶ 131-33.) Section 21-252 provides: "(c) No distribution may be made if, after giving it effect: (1) the corporation would not be able to pay its debts as they become due in the usual course of business." Plaintiff alleges that upon making the payments of dividends at issue, S.M.E. was no longer able to pay its debts and obligations to Plaintiff as they became due. (Doc. No. 16, FAC ¶ 132.) But Plaintiff fails to specifically identify what debts and obligations S.M.E. was no longer able to pay. Further, the above allegations do not comport with other allegations in the FAC. Plaintiff alleges that the Saltzmans made this payment of dividends near the time of S.M.E.'s dissolution, which was in December 2012. (Id. ¶¶ 77, 131.) But Plaintiff alleges that S.M.E. did not stop making payments under the lease agreement until May 2014, well after S.M.E.'s dissolution. (Id. ¶¶ 41, 51.) Accordingly, Plaintiff has failed to adequately allege that the Saltzmans violated R.R.S. Neb. § 21-252.

Third, Plaintiff alleges that the Saltzman's payment of dividends was a fraudulent transfer in violation of R.R.S. Neb. § 36-705. (Doc. No. 16, FAC ¶ 134.) Section 36-705 sets forth the standards under Nebraska's Fraudulent Transfer Act for determining when a transfer by a debtor is fraudulent as to present and future creditors. See Eli's, Inc. v. Lemen, 256 Neb. 515, 530 (1999); Dillon Tire, Inc. v. Fifer, 256 Neb. 147, 153-54 (1999). But Plaintiff fails to explain how the provisions in Nebraska's Fraudulent Transfer Act set forth an "official duty" applicable to the Saltzmans. Therefore, Plaintiff has failed to show that R.R.S. Neb. § 36-705 is applicable to California Corporations Code § 2216.

In sum, Plaintiff has failed to properly state a claim against the Saltzmans for violation of California Corporations Code § 2216. Further, because the allegations in the FAC failed to cure the deficiencies in this claim identified in the Court's prior order, (Doc. No. 15 at 11-12), the Court concludes that further amendment of this claim would be futile. See Telesaurus, 623 F.3d at 1003. Accordingly, the Court dismisses Plaintiff's claim for

violation of California Corporations Code § 2216 against Shennen Saltzman and Theodore Saltzman, Jr. with prejudice.

## **Conclusion**

For the reasons above, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's first amended complaint. Specifically, the Court dismisses with prejudice: (1) Plaintiff's claim for negligence against Defendant S.M.E.; (2) Plaintiff's claim for negligence against Defendants Shennen Saltzman and Theodore Saltzman, Jr.; and (3) Plaintiff's claim for violation of California Corporations Code § 2216 against Defendants Shennen Saltzman and Theodore Saltzman, Jr. The Court declines to dismiss Plaintiff's claims for breach of written contract and breach of implied-in-fact contract against Defendant S.M.E.

Because the Court has dismissed all of the claims against Defendants Shennen Saltzman and Theodore Saltzman, Jr. with prejudice, the Court dismisses those two Defendants from this action with prejudice. The action will proceed on Plaintiff's claims against Defendant S.M.E. The Court orders Defendant S.M.E. to file an answer to Plaintiff's first amended complaint within **21 days** from the date this order is filed

**IT IS SO ORDERED.**

DATED: August 29, 2016

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT